IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 1, 2023

## TRAVIS JASON VANDENBERG v. ASHLEY KAY VANDENBERG

**Appeal from the Chancery Court for Montgomery County**
**No. MC-CH-CV-DI-21-700      Matthew Joel Wallace, Judge**
_____

### No. M2023-00479-COA-R3-CV
_____

This appeal arises from a divorce after a short marriage. The husband appeals from the ruling of the trial court as it relates to the division of marital assets, the number of days he was awarded in the parenting plan, and the alimony award to the wife. Upon our review, we find the order appealed from is nonfinal and must be dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which W. NEAL MCBRAYER and KENNY W. ARMSTRONG, JJ., joined.

G. Michael Casey, Jackson, Tennessee, for the appellant, Travis Jason Vandenberg.

Steven C. Girsky, Clarksville, Tennessee, for the appellee, Ashley Kay Vandenberg.

### MEMORANDUM OPINION[1]

## I. BACKGROUND

---

[1]Rule 10 of the Rules of the Tennessee Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The parties, Travis Jason Vandenberg ("Husband") and Ashley Kay Vandenberg ("Wife"), were married on December 23, 2015, in Michigan. They share two minor children, ages four and seventeen months at the time of trial. At the time of these proceedings, Husband was in the U.S. Army stationed at Fort Campbell.

In the instant action, Wife was awarded a divorce on March 3, 2023, based on inappropriate marital conduct. The trial court assessed the parties' overall demeanor and the ability of the parties to pay fees and Wife's request for alimony and attorney fees. However, the court was silent on the attorney fees issue in its written order. Husband filed a timely notice of appeal.

It is unclear whether the trial court overlooked the attorney fee request or found Wife should pay the fees from the small amount of equity she received from the property division. Wife did not mention her request for attorney fees in the pretrial brief and no opening/closing statements are of record. The final decree, which appears to have been prepared by Wife's counsel, states "[t]he parties shall be responsible for all debts in their individual names and hold the other party harmless thereon."

A failure to fully adjudicate the issue of attorney fees renders the trial court's order nonfinal, thus depriving this court of subject matter jurisdiction. "[A]ppellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990); *see also* Tenn. R. App. P. 3(a). A final judgment adjudicates all "claims, rights, and liabilities of all the parties" and "resolves all the issues [leaving] 'nothing else for the trial court to do.'" *E Sols. for Bldgs., LLC v. Knestrick Contractor, Inc*., No. M2018-00732-COA-R3-CV, 2018 WL 1831116, at *3 (Tenn. Ct. App. Apr. 17, 2018) (citing *Discover Bank v. Morgan*, 363 S.W.3d 479, 488 n. 17 (Tenn. 2012). Because we are not confident that the language in the trial court's order was intended to deny attorney fees, we find the order appealed from is not "a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a).

Accordingly, "we dismiss this appeal and remand to the trial court for disposition of the entire claim and for collection of costs below." *Headrick v. Headrick*, No. E2004-00730-COA-R3-CV, 2005 WL 524807, at *3 (Tenn. Ct. App. Mar. 7, 2005). We express no opinion as to the trial court's decision on the amount, if any, of attorney fees. *Id.* As we noted in *Headrick*, the attorney fee issue must be resolved before we can review all the issues in this matter, particularly as an award of attorney fees is treated as an award of alimony. *Id.*

Costs of the appeal are assessed to the appellant, Travis Jason Vandenberg, for which execution may issue if necessary.

_____

JOHN W. MCCLARTY, JUDGE